| | |
|---|---|
| 1 | John C. Scheller |
| 2 | (admitted pro hac vice; Wis. SBN No. 1031247)<br>Kevin M. St. John |
| 3 | (admitted pro hac vice; Wis. SBN No. 1054815)<br>MICHAEL BEST & FRIEDRICH LLP |
| 4 | One South Pinckney Street, Suite 700<br>Madison, Wisconsin 53703 |
| 5 | (608) 257-3501 |
| 6 | Don Bivens, State Bar No. 005134 |
| 7 | Michael K. Dana, State Bar No. 019047<br>BIVENS & NORE, P.A. |
| 8 | 3003 North Central Avenue<br>Suite 1200 |
| 9 | Phoenix, Arizona 85012-2915<br>(602) 604-2200 |
| 10 | dwbivens@bivens-nore.com<br>mdana@bivens-nore.com |

Attorneys for Plaintiff Hy Cite Corporation

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hy Cite Corporation, a Wisconsin corporation, | Case No: CV-04-2856-PHX-EHC |
| Plaintiff, | |
| vs. | |
| badbusinessbureau.com, L.L.C., a St. Kitts/Nevis Corporation d/b/a badbusinessbureau.com and/or ripoffreport.com and/or badbusinessbureau.com/Rip-OffReport.com; Xcentric Ventures, LLC, an Arizona Limited Liability Company d/b/a badbusinessbureau.com and/or ripoffreport.com and/or badbusinessbureau.com/Rip-OffReport.com; and Ed Magedson, an Arizona resident, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO FILE AN ANSWER** |
| Defendants. | |

Plaintiff Hy Cite Corporation opposes Defendants' Motion for Enlargement of Time to File an Answer. This Opposition is supported by the accompanying Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**1. INTRODUCTION**

Defendants' failure to timely answer Plaintiff Hy Cite Corporation's ("Hy Cite") First Amended Complaint did not result from excusable neglect, and is not an isolated event. Defendants have a history of intentionally and deceptively evading justice that extends beyond the confines of this lawsuit. In light of that history, Defendants' failure to comply with the answer deadline compels the denial of Defendants' Motion and the entry of default against Defendants.

Alternatively, because Defendants' failure to timely file an answer caused Hy Cite to incur substantial fees and costs addressing the matter, Defendants request that the Court order Defendants to pay such fees and costs as a sanction for Defendants' non-compliance.

**2. DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE DEFENDANTS' FAILURE TO TIMELY FILE AN ANSWER DID NOT RESULT FROM EXCUSABLE NEGLECT.**

Because Defendants filed their Motion nearly two weeks after the January 17, 2006 answer deadline, an enlargement should not be granted unless Defendants can show "excusable neglect." Fed. R. Civ. P. 6(b)(2). Defendants assert the following excuses as their sole basis for missing the deadline:

> The reason for the failure to file in a timely manner was that the Order came in during the holidays, right before undersigned was beginning a complex securities law arbitration in Utah. Due to an oversight, undersigned neglected to request that staff docket the ten-day time period for filing the answer.

(Motion at 2.) The "holidays" and the busy schedule of Defendants' counsel do not constitute excusable neglect. Indeed, federal courts uniformly reject such excuses asserted in support of motions to enlarge under Rule 6(b)(2). *See Grover v. Commercial Insurance Co.*, 104 F.R.D.

136, 138 (D. Maine 1985) (long holiday weekend and counsel's busy schedule do not form basis for excusable neglect); *McLaughlin v. LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (busy law practice does not establish excusable neglect); *Citizen's Protective League v. Clark*, 178 F.2d 703, 704 (D.C. Cir. 1949) (having other matters in office does not constitute excusable neglect); *Maghan v. Young*, 154 F.2d 13, 13 (D.C. Cir. 1946) (other professional engagements do not create excusable neglect); *Mawhinney v. Heckler*, 600 F.Supp. 783, 784-85 (D. Maine 1985) (backlog of cases does not amount to excusable neglect).

Even if a busy schedule during the holidays might, in some instances, be relevant to a finding of excusable neglect, Defendants' vague excuses, wholly unsupported by sworn testimony, are unconvincing. The Court's Order was issued and received electronically by counsel for both parties on Tuesday, December 27, 2006. Defendants do not allege that counsel was out of town on that date or that counsel did not receive the Order. Rather, Defendants merely allege that the Order arrived "right before" the Utah arbitration. Defendants fail to identify the date that counsel actually began the arbitration. Defendants do not explain how the holidays, or the Utah arbitration, interfered with counsel's ability to docket the answer deadline or with Defendants' ability to timely answer. At the time of the Court's Order, Hy Cite's First Amended Complaint had been pending, unanswered, for nearly a year. Defendants had three full weeks from receipt of the Court's Order to file an answer. Simply stated, Defendants have no reasonable explanation – much less an explanation that constitutes excusable neglect – for their failure to timely answer the Complaint.

The significance of Defendants' failure to timely answer is made clearer against the backdrop of Defendants' history of intentionally evading their obligations to confront Hy Cite's legal claims. As this Court is aware, Hy Cite engaged in substantial efforts near the commencement of this lawsuit to personally serve Defendant Ed Magedson, who controls all of the other defendants in this case. (*See generally* Hy Cite Corporation's Memorandum of Support of Motion for Alternative Service on Defendant Ed Magedson, filed March 24, 2005

("Service Memo").) Hy Cite's efforts included multiple attempts to serve Magedson at residential addresses, a three-week stake-out near Magedson's post office box, and a request to Magedson's counsel that she accept service on Magedson's behalf. (*Id.* at 3-5.) As a result of Magedson's deliberate efforts to avoid service, none of Hy Cite's efforts were successful, and Hy Cite had to seek an order from the Court compelling Magedson's attorney to accept service on Magedson's behalf. (*See id.*) Magedson's evasive actions in this lawsuit mirror his actions in a previous lawsuit in which repeated attempts to serve Magedson were also unsuccessful. (*Id.* at 7, n. 26.) In that lawsuit, service was finally effectuated on Magedson at his deposition, which he attended only because he was compelled to do so by court order. (*Id.*)

Defendants' disregard for the federal rules governing deadlines continued upon discovering that the answer deadline had expired. Defendants allege that an attorney from their firm, Adam Kunz, contacted Hy Cite's counsel, Kevin St. John, and requested an extension. Defendants omit, however, that Mr. Kunz's phone call to Mr. St. John was not made until *after* the answer deadline had already expired. (2/02/2006 Declaration of Kevin St. John ("St. John Decl.") ¶4.) Moreover, Mr. Kunz did not ask for an "extension," but instead, requested that Hy Cite stipulate to withdraw its Application for Entry of Default.[1] (*Id.* ¶ 5.) Mr. St. John informed Mr. Kunz that Hy Cite would not agree to withdraw the Application. (*Id.* ¶ 7.) Despite knowing that the answer deadline had expired and that Hy Cite would not agree to withdraw its Application, Defendants filed their untimely Answer without permission from the Court.

/ / /

/ / /

---

[1] Defendants' counsel apparently learned that the deadline had expired from the Application for Entry of Default filed by Hy Cite on January 17, 2006. That Application, which was filed on the date that Defendants' answer was due, has no bearing on Defendants' Motion for an Enlargement. Additionally, although the Application was filed prematurely, the premature filing does not disrupt the entry of default against Defendants because their failure to "plead or otherwise defend as provided by" the Federal Rules has now been "made to appear" before this Court by means other than the affidavit attached to Hy Cite's Application. *See* Fed. R. Civ. P. 55(a).

### 3. CONCLUSION

Defendants' failure to timely answer Hy Cite's longstanding First Amended Complaint is only the most recent example of Defendants' indifference toward this litigation. Defendants have gone to great lengths to avoid the consequences of their wrongful conduct. Had Hy Cite not filed its Application for Entry of Default, thereby notifying Defendants that their answer was past due, Hy Cite's First Amended Complaint would likely still remain unanswered. While the basis for denying Defendants' Motion is simple – Defendants have failed to show excusable neglect – the historical context in which Defendants' recent non-compliance should be evaluated solidifies the justification for denying the Motion. Accordingly, Hy Cite respectfully requests that the Court deny Defendants' Motion for an Enlargement and enter default against Defendants.

In the alternative, should the Court decide to permit Defendants' untimely filing of their Answer, Hy Cite requests that Defendants be ordered to pay all of the costs and fees incurred by Hy Cite having to address Defendants' untimely filing, including the costs and fees arising out of the Application for Default and responding to Defendants' Motion for an Enlargement. *See Kleckner v. Glover Trucking Co.*, 103 F.R.D. 553, 556-57 (M.D. Pa 1984) (although motion to enlarge granted, defendant ordered to pay plaintiff's attorneys fees and expenses "incident to the various motions filed as a result of [defendant's] failure to timely file its answer"); *Schmir v. Prudential Ins. Co. of America*, 220 F.R.D. 4, 6 (D. Maine 2004) (motion for entry of default denied, but defendant ordered to pay fees incurred in bringing motion).

/ / /

/ / /

/ / /

RESPECTFULLY SUBMITTED this 2nd day of February, 2006.

    MICHAEL BEST & FRIEDRICH LLP
      John C. Scheller
      Kevin M. St. John
      One South Pinckney Street, Suite 700
      Madison, Wisconsin 53703

    BIVENS & NORE, P.A.

By    s/Michael K. Dana
      Don Bivens
      Michael K. Dana
      3003 North Central Avenue, Suite 1200
      Phoenix, Arizona 85012-2915
      Attorneys for Plaintiff Hy Cite Corporation

CERTIFICATE OF SERVICE

I hereby certify that on February 2nd, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Maria Crimi Speth
Jaburg & Wilk
3200 North Central Avenue, Suite 2000
Phoenix, Arizo9na 85012
Attorney for Defendants
mcs@jaburgwilk.com

   s/E.E. Szafranski

I further certify that on February 2nd, 2006, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

Honorable Earl H Carroll
United States District Court
401 West Washington Street
Phoenix, Arizona 85003

   s/E.E. Szafranski
446550