Maria Crimi Speth, #012574
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Defendants
Xcentric and Magedson

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hy Cite Corporation, a Wisconsin Corporation;<br><br>Plaintiff,<br><br>v.<br><br>badbusinessbureau.com, L.L.C., a St. Kitts/Nevis Corporation d/b/a/ badbusinessbureau.com and/or ripoffreport.com and/or badfusinessbureau.com/Rip-Off Report.com; Xcentric Ventures, LLC, an Arizona Limited Liability company d/b/a/ badfusinessbureau.com and/or ripoffreport.com and/or badbusinessbureau.com/Rip-Off Report.com; and Ed Magedson, an Arizona resident,<br><br>Defendants. | Case No: CV04-2856 PHX EHC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO ANSWER** |

Notwithstanding Plaintiff's unnecessary rhetoric, this is a simply a question of whether this court should allow Defendants to proceed on the merits where (1) they had appeared in the case by filing a motion to dismiss; (2) their motion was denied in part; (3) the denial triggered a short ten-day period to answer; (4) Defendants answered two days late; and (5) Plaintiff has suffered no prejudice. The only just answer is yes.

"In general, the granting or withholding of permission to file a late pleading rests in the discretion of the trial court. Thus, the decision to allow a party to answer after the expiration of the time period for answering is left to discretion of the court. However, where it is apparent that a party in a default has a meritorious defense to an action, the court must permit the answer to be filed despite the fact that the time to answer has passed." AMJUR PLEADING § 227.

"A determination of whether neglect was excusable or inexcusable must take into consideration all surrounding the facts and circumstances. The defendant was entitled to acceptance of its answer, even though untimely, where the defendant demonstrated a reasonable excuse for the delay by showing that it served the answer just five days after the extension had expired, the parties had been negotiating a possible resolution of the action, and there was an absence of any prejudice to the plaintiff." AMJUR PLEADING § 227.

Plaintiffs ignore Supreme Court precedent and rely on decisions from other district courts and other circuits that pre-date *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, *392, 113 S.Ct. 1489, **1496 (1993). As the Supreme Court explained:

> First, the Rule grants a reprieve to out-of-time filings that were delayed by "neglect." The ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or, closer to the point for our purposes, "to leave undone or unattended to esp[ecially] through carelessness. " Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry "their ordinary, contemporary, common meaning." Hence, by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. (Internal Citations Omitted).

2

Defendants counsel has shown excusable neglect here. The answer was only two days late.[1] The Court's denial of the Motion to Dismiss was issued on December 27, 2005, just two days after Christmas and in the middle of the holiday season. The week between Christmas and New Years was a very hectic time for defendants' counsel, juggling a heavy litigation work load and preparing for a complex arbitration in spite of reduced staff and my children off of school. Under the circumstances, the failure to docket the answer constituted excusable neglect and Defendant should not be severely punished for his counsel's oversight that resulted in no prejudice.

Plaintiff also seeks an order that Defendants pay their costs of the untimely filing, "including the costs and fees arising out of the Application for Default." The Application for Default was prematurely filed. Plaintiffs should not recover attorney fees for an application filed before the answer was due. Moreover, Plaintiffs did not contact Defendants before filing the Application, refused to withdraw the Application upon the request of Defendants' counsel, and pursued the issue even when the answer was filed only two days late. Plaintiffs should not recover even the fees incurred in responding to this Motion and surely should not recover their fees for filing an improper motion that alleged a default before the answer was even due.

---

[1] Plaintiff's statement that their First Amended Complaint had been pending, unanswered, for nearly a year (page 3 of Opposition) is an offensive spin on the facts. Defendants timely filed a Motion to Dismiss and the parties properly awaited the Court's ruling before an answer could be filed.

3

DATED this 10th day of February, 2006.

JABURG & WILK, P.C.

*/s/ Maria C. Speth*

Maria Crimi Speth
Attorneys for Defendants
Xcentric and Magedson

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2006, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Don Bivens
Michael K. Dana
MEYER, HENDRICKS & BIVENS, P.A.
3003 North Central Avenue
Suite 1200
Phoenix, Arizona 85012-2915
Attorneys for Plaintiff

With a COPY of the foregoing mailed on the 10th day of February, 2006, to:

John C. Scheller
MICHAEL BEST & FRIEDRICH, LLP
One South Pinckney Street
Suite 700
Madison, WI 53701-1806
Attorneys (pro hac vice) for Plaintiff

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

With a COPY of the foregoing hand delivered on the 10th day of February, 2006, to:

Honorable Earl H. Carroll
United States District court
Sandra Day O'Connor U. S. Courthouse
401 West Washington Street
Phoenix, Arizona 85003

*/s/ Debra Dower*

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012