1   John C. Scheller
     (admitted pro hac vice; Wis. SBN No. 1031247)
2   Kevin M. St. John
     (admitted pro hac vice; Wis. SBN No. 1054815)
3   MICHAEL BEST & FRIEDRICH LLP
     One South Pinckney Street, Suite 700
4   Madison, Wisconsin 53703
     (608) 257-3501
5

6   Don Bivens (#005134)
     Michael K. Dana, (#019047)
7   SNELL & WILMER, LLP
     One Arizona Center
     Phoenix, AZ 85004-2202
8   (602) 382-6000

9   Attorneys for Plaintiff

10   Maria Crimi Speth
     JABURG & WILK
11   3200 North Central Avenue, Suite 2000
     Phoenix, AZ 85012
12   Fax: (602) 248-0522

13   Attorney for Defendants

14

15               **IN THE UNITED STATES DISTRICT COURT**

16                  **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 17   Hy Cite Corporation, a Wisconsin Corporation, | ) <br> )   No: CV04-2856 PHX EHC |
| 18 | ) |
|           Plaintiff, | ) |
| 19 | ) |
|        v. | ) |
| 20 | ) |
|   badbusinessbureau.com, L.L.C., a St. | )   **JOINT PROPOSED CASE** |
| 21   Kitts/Nevis Corporation d/b/a | )   **MANAGEMENT PLAN** |
|   badbusinessbureau.com and/or | ) |
| 22   ripoffreport.com and/or | ) |
|   badbusinessbureau.com/Rip-Off Report.com; | ) |
| 23   Xcentric Ventures, LLC, an Arizona Limited | ) |
|   Liability Company d/b/a | ) |
| 24   badbusinessbureau.com and/or | ) |
|   ripoffreport.com and/or | ) |
| 25   badbusinessbureau.com/Rip-Off Report.com; | ) |
|   and Ed Magedson, an Arizona resident, | ) |
| 26 | ) |
|           Defendants. | ) |
| 27 | ) |

28

Dockets.Justia.com

1    Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Setting
2    Scheduling Conference, the Plaintiff Hy Cite Corporation ("Hy Cite") and Defendants
3    badbusinessbureau.com, LLC, Xcentric Ventures, LLC and Ed Magedson ("Defendants")
4    submit the following Joint Proposed Case Management Plan.

**1.    COUNSEL WHO PARTICIPATED IN DEVELOPING CASE
         MANAGEMENT PLAN**

Plaintiff:    John C. Scheller
              (admitted pro hac vice; Wis. SBN No. 1031247)
              Kevin M. St. John
              (admitted pro hac vice; Wis. SBN No. 1054815)
              MICHAEL BEST & FRIEDRICH LLP
              One South Pinckney Street, Suite 700
              Madison, Wisconsin  53703
              (608) 257-3501
              (608) 283-2275
              jcscheller@michaelbest.com
              kmstjohn@michaelbest.com

              Don Bivens
              Michael K. Dana
              Snell & Wilmer, LLP
              One Arizona Center
              Phoenix, AZ  85004-2202
              (602) 382-6000
              (602) 382-6070
              E-mail:  mdana@swlaw.com

Defendants:   Maria Crimi Speth, Esq.
              Jaburg & Wilk
              3200 N. Central Ave., Suite 2400
              Phoenix, AZ  85012
              (602) 248-1000
              (602) 248-0522
              E-mail: mcs@jaburgwilk.com

**2.    NATURE OF THE CASE**

    This is an action relating to certain postings published by Defendants.  Hy Cite
alleges that Defendants operate Internet websites purporting to be a consumer advocacy
clearinghouse and that Defendants have posted negative, misleading, false, and
defamatory content about Hy Cite.  After filing an Amended Complaint in this action,
Defendants moved to dismiss for failure to state a claim.  This Court granted in part and

2

denied in part Defendants' motion. Currently pending before the Court are Hy Cite's counts alleging: (1) violation of 18 U.S.C. § 1962(c); RICO conspiracy; (3) common law defamation; (4) disparagement—trade libel; (5) tortious interference with business relationships; (6) common law trademark infringement and unfair competition; and (7) violation of Wis. Stat. §§ 110.18, 100.20.

## 3. ELEMENTS OF PROOF NECESSARY FOR EACH COUNT AND DEFENSE

Hy Cite's position is that the elements of its claims are as follows:

a. Violation of 18 U.S.C. § 1962(c) requires a showing that Defendants are an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c) and was engaged in activities that affected interstate commerce; that Defendant Ed Magedson is a "person" within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c); and that Magedson has control over the enterprises such that he can conduct and participate in the conduct of Defendant badbusinessbureau.com and Defendant Xcentric. Defendants requested payments from Hy Cite, and Hy Cite feared economic loss from refusing to cede to Defendants' demands. Defendants' program amounts to attempted extortion under 18 U.S.C. § 1951, which is a predicate act listed in 18 U.S.C. § 1961(1). The Defendants' several acts together constitute predicate acts sufficient to establish a "pattern of racketeering activity" as that term is defined in 18 U.S.C. § 1961(1) and (5). The overall scheme of the Defendants' websites as a means to extort money from companies such as plaintiff and the fraudulent claims made in furtherance of that scheme constitute a violation of 18 U.S.C. § 1343. These activities were undertaken intentionally and with full knowledge and appreciation of the intended results of the scheme to extort money, including knowledge of false and fraudulent representations to unlawfully deprive Plaintiff of its money for Defendants' pecuniary gain. Plaintiff has been injured in its business and property and reputation by the Defendants' extortionate scheme that comprises the violation of 18 U.S.C. § 1962(c) alleged in this claim.

3

b. RICO conspiracy requires that Defendant and other unnamed individuals associated with badbusinessbureau.com and Ed Magedson, have combined, conspired, and agreed to violate 18 U.S.C. § 1962(c) by agreeing to conduct an enterprise affecting interstate commerce, directly or indirectly, through a pattern of racketeering activity all in violation of 18 U.S.C. § 1962(d). Plaintiff has been injured in its business and property by reason of the foregoing violations of 18 U.S.C. § 1962(d) as alleged in this claim in an amount to be determined at trial.

c. Common law defamation requires proof of publications with false information about Plaintiff; knowledge by Defendants that the publications would cause pecuniary and reputational harm to Plaintiff; knowledge that the publications included false information or that Defendants otherwise acted with reckless disregard of the truth or falsity contained in their publication; and damage to Hy Cite's business reputation and property by reason of the Defendants' false publications.

d. Disparagement (trade libel) requires publications by Defendants knowing or constructively knowing that the publication of such statements would cause pecuniary and reputational harm to Hy Cite. Defendants knew the publications included false information or otherwise acted with reckless disregard of the truth or falsity contained in their publications. Those publications caused injury to Plaintiff's reputation, business, and property.

e. Tortious interference with business relationships requires proof of valid contractual relationships between Hy Cite and purchasers of its Royal Prestige product line and expected relationships between Hy Cite and persons who, but for Defendants' libelous publications, would have entered into valid contractual relationships; knowledge by Defendants of Hy Cite's relationships and business expectancies; intentional and wrongful interference by Defendants with these relationships and business expectancies by knowingly publishing and creating negative, false, misleading, and defamatory content in exchange for their own business profit; and injury to Plaintiff.

4

1        f.      Common law trademark infringement and unfair competition requires actions that constitute trademark infringement under the common law as well as unfair competition and damage to Hy Cite as a result of those actions.

g.      Violation of Wis. Stat. §§ 110.18, 100.20 requires proof that Defendants made untrue, deceptive, or misleading representations about Hy Cite and/or Royal Prestige for the purpose of increasing Defendants' service revenues and resulting in losses and increased costs to Plaintiff.

For Defendants, the elements of their defenses are as follows:

a..     Counts I and II – Violation of 18 U.S.C. § 1962 and RICO Conspiracy

Pursuant to the Racketeer Influenced and Corrupt Organizations act ("RICO"), it is "unlawful for any person employed by or associated with any enterprise engaged in, or in the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. §1962(c). Racketeering activity includes the predicate act of extortion under 18 U.S.C. § 1951. "Extortion" is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence or fear." 18 U.S.C. § 1951(b)(2).

The predicate acts alleged by Plaintiff do not rise to the level of conduct contemplated by the statute. To support its claim for damages under 18 § 1962, Plaintiff has attempted to allege that Defendants "predicate act" was attempted extortion. However, extortion requires the wrongful use of actual or threatened force, violence or fear to obtain property. 18 U.S.C. § 1951. Plaintiff has not made an allegation of wrongful use of force or fear but instead alleges that it "feared economic loss from refusing to cede to Defendants' demands, but nonetheless did not accept Defendant's offer." Plaintiff has alleged nothing more than an offer to provide services for compensation, which offer was rejected. Such a claim is not actionable under RICO. *See, e.g., Suirs v. Mew Metro Fed. Svgs. & Loan*, 873 P.2d 1401, 1401 (11th Cir. 1989).

5

1           b.     Count III and Count IV – Common Law Defamation and Disparagement—

2   Trade Libel

3           This cause of action fails against Defendant because the claim is barred by the

4   Communications Decency Act, 47 USC §230. The Ninth Circuit has expressly held that

5   the Communications Decency Act ("CDA") immunizes a web site operator, such as

6   Defendants, for defamation it publishes if it is not the information content provider of the

7   content at issue. *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003). Three elements are

8   required for §230 immunity: the defendant must be a provider or users of an interactive

9   computer service; the asserted claims must treat the defendant as a publisher or speaker or

10  information; and the information must be provided by another information content

11  provider. *Schneider v. Amazon.com, Inc.*, 31 P.3d 37, 40 (Wash.App.2001).

12          Here, Defendants are not the information content providers because they did not

13  author the reports that are alleged to be defamatory. Defendants are not responsible for

14  the creation of the reports and the information is provided by the actual author of the

15  content.

16          c.     Count V – Tortious Interference with Business Relationships

17          Plaintiff has no proof that Defendants knew about Plaintiff's contractual relation-

18  ships with purchasers of its Royal Prestige product line or that Defendants intentionally

19  interfered with such relationships. Moreover, as set forth above, Defendants are not

20  responsible for the creation of the alleged defamatory or disparaging remarks that Plaintiff

21  alleges interfered with its business relationship. As such there are no damages resulting.

22          d.     Count VI – Common Law Trademark Infringement and Unfair Competition

23          Likelihood of confusion is the governing standard for common law trademark

24  infringement claims. Plaintiff has not and cannot allege likelihood of confusion here.

25          e.     Violation of Wis. Stat. §§ 110.18, 100.20

26          Defendants maintain that there is no proof that Defendants did anything other than

27  act as a website internet operator for the content authored by others.

28                           6

1    **4.    ISSUES IN DISPUTE**

2        **4.1    Factual Issues**

3        a.    The corporate structures of Defendants (Defendants do not agree that this is

4    a material issue

5        b.    Defendants' involvement in providing content for their website

6        c.    Defendants' processes for posting reports

7        d.    Defendants' communications, if any, with alleged reporters

8        e.    Identification of alleged reporters

9        f.    Investigation into Defendants' corporate advocacy program

10        g.    Details surrounding Defendants' request for money from Hy Cite

11        h.    Defendants' knowledge of false postings (Defendants do not agree that this

12    is a material issue

13        i.    Defendants' investigation, if any, into postings (Defendants do not agree

14    that this is a material issue)

15        j.    Financial benefits reaped by Defendants connected to their postings

16        k.    Whether there is any likelihood of confusion

17        l.    Whether there was a wrongful use of actual or threatened force, violence, or

18    fear to obtain property

19        **4.2    Legal Issues**

20        a.    Whether Defendants can establish protection under the Communications

21    Decency Act

22        b.    Whether the Communications Decency Act, if applicable, provides an

23    affirmative defense for "Publisher Liability"

24        c.    Whether Defendants are liable under the counts alleged by Plaintiff

25    **5.    JURISDICTIONAL BASIS OF CASE**

26        This Court has jurisdiction under 28 U.S.C. § 1331, 18 U.S.C. § 1964(a), (c), 28

27    U.S.C. § 1338 and supplemental jurisdiction under 28 U.S.C. § 1367.

28                                        7

## 6. SERVICE OF PARTIES

Defendants Xcentric Ventures, LLC and Ed Magedson have been served. Badbusinessbureau.com, L.L.C., an entity organized under the laws of St. Kitts/Nevis has not been served. Plaintiff understands that the entity has been dissolved, and that Xcentric Ventures, LLC and/or Ed Magedson have successor liability. Defendant denies that there is any successor liability.

## 7. PARTIES EXPECTED TO BE ADDED OR AMENDED PLEADINGS

The parties do not contemplate adding any other parties or otherwise amending the pleadings.

## 8. DISPOSITIVE ISSUES TO BE DECIDED BY PRE-TRIAL MOTIONS

### 8.1 Hy Cite

Hy Cite contemplates eventually filing motions for summary judgment on most, if not all, claims, following discovery.

### 8.2 Defendants

Defendants also contemplate filing motions for summary judgment following discovery.

## 9. SUITABILITY FOR REFERENCE TO ARBITRATION, SPECIAL MASTER, OR UNITED STATES MAGISTRATE JUDGE FOR TRIAL

The parties do not agree that this case is suitable for reference to arbitration, a special master, or a United States Magistrate Judge.

## 10. STATUS OF RELATED CASES

Not applicable.

## 11. INITIAL DISCLOSURES

The parties agree to make initial disclosures within 30 days of the scheduling conference.

8

## 12.  PROPOSED DEADLINES

### 12.1  Completion of Discovery.

The parties propose discovery completion on February 28, 2007.

### 12.2  Disclosure of Expert Testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

The parties propose that all experts and reports be disclosed pursuant to Rule 26(a)(2)(B) no later than March 16, 2007, and that any and all rebuttal experts be disclosed, with reports, no later than April 30, 2007.

### 12.3  Completion of Expert Depositions.

The parties propose that expert depositions, not including rebuttal experts, be concluded no later than April 16, 2007, and that depositions of rebuttal experts conclude no later than May 31, 2007.

### 12.4  Filing of Dispositive Motions.

The parties propose that all dispositive motions be filed no later than June 15, 2007.

### 12.5  Settlement Talks.

The parties have undertaken settlement talks and are currently negotiating a potential settlement of this matter.

## 13.  SCOPE OF DISCOVERY

### 13.1  The extent, nature and location of discovery anticipated by the parties.

The parties intend to seek discovery of information reasonably calculated to lead to the discovery of admissible evidence relating to the factual and legal issues in this case to the full extent permitted by the Federal Rules of Civil Procedure.

The parties intend that discovery shall include depositions, document requests, inspection, interrogatories, and requests for admission. Unique issues presented in this case include issues arising out of the need to discover electronic information. Plaintiff intends to inspect Defendants electronic equipment. Plaintiff intends that all documents

9

produced shall include any and all "meta-data" or other "hidden" information contained in electronic documents, including, but not limited to IP addresses. The parties intend for the location of discovery to be taken in accordance with the Rules.

**13.2 Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LRCiv 16.2 of the Rules of Practice for the United States District Court for the District of Arizona ("Local Rules").**

The parties understand this case to be on a "standard" track. The parties recognize that the standard time for the preliminary scheduling conference provided for by LRCiv. 16.2 has been altered due to motion practice and the need for alternative service of process. All other dates are addressed herein.

**13.3 The number of hours permitted for each deposition, unless extended by agreement of the parties.**

The parties intend depositions shall be conducted in accordance with Rule 30, and that 7 hours shall be permitted for each deposition, absent a stipulation or court intervention by motion to extend or limit the same.

**14. ESTIMATED DATE AND LENGTH OF TRIAL**

5 days.

**15. JURY TRIAL REQUEST**

Plaintiff requests a jury trial.

**16. PROSPECTS FOR SETTLEMENT**

Settlement discussions have occurred and the parties are continuing to engage in productive discussions to resolve all claims.

**17. SUGGESTIONS ON HOW TO EXPEDITE DEPOSITIONS**

The Parties have no suggestions on how to expedite depositions.

///

///

///

///

10

RESPECTFULLY SUBMITTED this 27th day of July, 2006.

                                    **MICHAEL BEST & FRIEDRICH LLP**

                                    By: _____
                                         John C. Scheller
                                         Kevin M. St. John
                                         One South Pinckney Street, Suite 700
                                         Madison, Wisconsin 53703

                                         Don Bivens
                                         Michael K. Dana
                                         Snell & Wilmer, LLP
                                         One Arizona Center
                                         Phoenix, AZ 85004-2202
                                         (602) 382-6000

                                         Attorneys for Plaintiff

                                    **JABURG & WILK**

                                    By: _____
                                         Maria Crimi Speth
                                         3200 North Central Avenue, Suite 2000
                                         Phoenix, AZ 85012
                                         Fax: (602) 248-0522

                                         Attorney for Defendants

11

**CERTIFICATE OF MAILING**

1

2     I hereby certify that on July 27, 2006, I electronically transmitted the foregoing to the

3 Clerk's Office using the CM/ECF System for filing to the following CM/ECF participant:

4                             Maria Crimi Speth
                             Jaburg & Wilk
5                             3200 North Central Avenue
                             Suite 2000
6                             Phoenix, Arizona 85012
                             Attorneys for Defendants
7

8     I further certify that on July 27, 2006, I served a courtesy copy of the aforementioned

9 document and transmittal of a Notice of Electronic Filing by mail on the following:

10                            The Honorable Earl H. Carroll
                             United States District Court
11                            401 West Washington Street, SPC 48
                             Suite 521
12                            Phoenix, AZ 85003-2151

13                            John C. Scheller
                             Kevin M. St. John
14                            MICHAEL BEST & FRIEDRICH LLP
                             One South Pinckney Street
15                            Suite 700
                             Madison, Wisconsin 53703
16

17

18                            _Carolyn Coffin_

19

20

21    1865957

22

23

24

25

26

27

28                                    12